STOULIG, Judge,
concurring.
I concur.
Unquestionably the proposed purchasers had the right to refuse to accept title to the property until afforded the opportunity of reinspection of the premises provided for in the agreement to sell.[1] Balanced against this right of the vendees is the right conferred upon the vendor by C.C. art. 2057 that an obligor has until sunset of the last day stipulated for performance to comply with his obligation under the contract unless this right is inhibited or restricted under the specific terms of the contract itself. In the instant matter the agreement does not contain such a restriction, therefore, the vendor has the right to reschedule the execution of the contract at a later hour mutually convenient to all of the parties involved prior to the setting of the sun on June 28, 1976.
Construing the rights and the obligations of the contracting parties, it must be concluded that the vendees had the right to insist upon reinspection prior to executing the act of sale but were required to accept title at any mutually convenient hour prior to sunset, once afforded the right of rein-spection. The vendor had the obligation of arranging with his tenant for the purchasers’ reinspection of the premises immediately preceding the sale, and if necessary to do so he should have rescheduled the inspection and/or passage of the act at a time convenient to the vendees and within the performance term of the contract.
In my opinion the attempt of the vendees to abort the agreement to sell at 11 a. m. on June 28, the time set by the notary for the passage of the act of sale, by placing the vendor in default with their written refusal to accept title, coupled with the demand for penalties, was both premature and without foundation in fact.
The alleged breach was the failure of the vendor to permit a reinspection of the premises. The record reflects that the tenant and not the vendor refused admittance to the property at 9 a. m. on June 28, but an offer was made to accommodate the purchasers later in the day. Under the terms of the agreement interpreted in the light of C.C. art. 2057, the vendor had until sunset to arrange at a mutually convenient time both the inspection and the passage of the sale, and the vendees’ attempt to withdraw at 11 a. m. was premature. Further the setting of the sale at 11 a. m. by the homestead notary designated by the contract cannot reform the terms of the agreement to sell so as to alter or reduce the time within which either party has to fulfill the obligations imposed by the contract. Therefore, the notary’s action cannot affect the vendor’s right to tender title until sunset of June 28.
With regard to the vendor’s reconven-tional demand, the record does not disclose that he rescheduled the passage of the sale at a later hour on the 28th, and therefore, he is in no position to legally place the proposed purchasers in default for failing to take title to the property. While it is admitted that the law does not impose on the party the obligation to do a vain and useless act, this does not relieve the vendor of the requirement to establish the futility of such an action. Since the purchasers had the right to reject the vendor’s tender of title at the 11 a. m. meeting because of their inability to inspect the premises, in order to place the buyers in default it was incumbent upon the seller, after affording the opportunity of inspection, to reschedule the passage of the sale within the time frame of the contract and to again tender title to the buyers.
*1326 Por these reasons I concur in the majority opinion.

. “Purchaser has right to reinspect property immediately prior to act of sale.: